UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD HAWKINS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 1:10-2568** |
| v. | : | **(CALDWELL, D.J.)** |
| | | **(MANNION, M.J.)** |
| **PA. DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants.** | | |

### REPORT AND RECOMMENDATION[1]

Pending before the court is the defendants' motion to dismiss the plaintiff's complaint. (Doc. No. 14). For the reasons set forth below, the court will recommend that the defendants' motion be **GRANTED**.

### I. BACKGROUND

Plaintiff alleges that he was confined at the State Correctional Institution at Huntingdon in Huntingdon, Pennsylvania ("SCI-Huntingdon") from August 12, 2002 through April 13, 2004 because he was serving a sentence for parole violations. (Doc. No. 1 at 5). Upon completing that sentence, the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

plaintiff was allegedly paroled, and sent to New Jersey in order to serve a New Jersey state sentence. *Id.* The plaintiff alleges that he completed serving that sentence on February 6, 2006. *Id.*

However, upon completing the New Jersey sentence, the plaintiff alleges that he was then sent back to Pennsylvania via a "default parole warrant." *Id.* Specifically, the plaintiff alleges that he was sent back to SCI-Huntingdon so that he could serve his sentence for the parole violations, for a second time. *Id.* Furthermore, as a result of that confinement, the Pennsylvania Board of Probation and Parole had allegedly incorrectly changed his maximum date.[2] *Id.*

Based on the foregoing, the plaintiff filed the instant complaint claiming that his confinement at SCI-Huntingdon, for the second time, is illegal, and that his maximum date has been miscalculated. *Id.* at 5-6. Consequently, the plaintiff brings claims against the defendants for violating his Fifth, Sixth, Eighth and Fourteenth Amendment rights, as well as various claims under Pennsylvania State law. *Id.* at 2. By way of relief, the plaintiff seeks monetary

---

[2] Although not entirely clear, it appears that plaintiff also took issue with his prior maximum date because defendant McKinney had previously miscalculated his state and county sentences which had previously resulted in an incorrect initial maximum date. *Id.* at 6.

damages and release from his unlawful confinement. *Id.* at 4.

On April 12, 2011, the defendant filed a motion to dismiss, (Doc. No. 14), that was accompanied by a brief in support, (Doc. No. 16). Accordingly, the plaintiff filed a brief in opposition, (Doc. No.'s 18 & 19). Thus, the motion is ripe for our consideration.

## II.  STANDARD OF REVIEW

The defendants' motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s]

to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to

dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. ANALYSIS

Here, the plaintiff challenges his confinement for parole violations as well as the calculation of his maximum sentence date. Consequently, he seeks to be released from his alleged unlawful confinement, and to recover monetary damages from the defendants. For the reasons set forth below, the court recommends that the plaintiff's complaint be dismissed.

To the extent the plaintiff has requested release from prison or has attempted to otherwise contest the validity of his conviction or sentence, any such claims must be raised in a petition for writ of habeas corpus, not in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500; *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Supples v. Burda*, No. 07-1560, 2007 U.S. Dist. LEXIS 79632, at *7 (M.D. Pa. Oct. 26, 2007) (Caldwell, J.). Moreover,

> In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil-rights claims. The Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves

5

> that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." [Id. at 486-87](#) (footnote omitted).

*Supples*, 2007 U.S. Dist. LEXIS 79362, at *7. In addition, as relevant, here, the Third Circuit has ruled that this analysis applies to parole determinations. [Glenn v. Pa. Bd. of Prob. and Parole, 410 Fed. Appx. 424, 425-26 (3d Cir. 2011)](#) (citing *Williams*, 453 F.3d at 177). Furthermore, *Heck* has been extended to requests for declaratory and injunctive relief as well as monetary damages. *Supples*, 2007 U.S. Dist. LEXIS 79632, at *7-8.

The court finds that the plaintiff's claims regarding his unlawful confinement, and miscalculation of his maximum date, are not cognizable under section 1983 because he has not made the required showing that his confinement and/or maximum date have been invalidated in an appropriate proceeding. Consequently, the court recommends that plaintiff's constitutional claims brought under section 1983 be dismissed under Heck's favorable-termination rule.[3]

Finally, the court notes that also included in the complaint are various

---

[3] As such, the court need not address the defendants' alternative arguments.

state law claims against the defendants. The court recommends that supplemental jurisdiction not be exercised over the pendent state law claims 28 U.S.C. §1367(c)(3). Furthermore, the court recommends that they be dismissed without prejudice to any right plaintiff may have to pursue them in state court.

## IV. RECOMMENDATION[4]

For the reasons set forth above, **IT IS RECOMMENDED THAT,** the defendants' motion to dismiss, (Doc. No. 14), be **GRANTED.**

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** February 7, 2012
O:\shared\REPORTS\2010 Reports\10-2568-01.wpd

---

[4] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.